Dear Mr. Daly:
In your request for an opinion from this office, you ask whether the Hammond City Council has the authority to rescind a prior resolution of the council, thereby removing from office two appointed representatives from the Hammond Municipal Fire and Police Civil Service Board.
LSA-R.S. 33:2476 (B) provides:
 B. To be eligible for appointment or to serve as a member of a board, a person shall be a citizen of the United States of America, a resident of the municipality in which he is to serve for at least five years next preceding his appointment, and, at the time of his appointment, shall be a qualified voter of the municipality; however, with respect to the two members elected from the municipal fire and the municipal police departments, such members shall be residents of the parish in which the municipality they are to serve is located for a period of at least five years preceding their appointment upon adoption of a resolution so permitting residence location by the local governing authority. (Emphasis added).
You relate that in June of 1987 the Hammond Council passed a resolution in accordance with the exception permitted under LSA-R.S. 33:2476(B), allowing the two members elected from the municipal fire and municipal police departments to reside in the parish rather than the municipality. On September 5, 1995, the Hammond City Council enacted a resolution requiring these two members of the board to reside within municipal limits, which requirement in end result displaces them from office prior to the expiration of the statutory term of office.
The term of office of the council member is three (3) years, as specified in LSA-R.S. 33:2476(D), providing:
 D. The term of office for all members of the board shall be for a period of three years, except that the first member appointed by the governing body of a municipality upon its own nomination shall serve for a period of two years; the first employee members nominated and appointed as provided above shall serve a term of one year. Each member shall serve until his successor has been appointed and qualified.
The term specified in § 2476 D is three years. A person appointed cannot be removed from an office, with a specific term, except for cause. Thus, the council by changing the qualifications can not remove an individual from office prior to the end of his term, except for cause.
The council can change the residency rules for the elections, but the rules can only operate prospectively. Otherwise, the council would be removing members indirectly without cause after they were validly elected.
Should you have any further questions, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _______________________________ KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL
KLK:ams
Date Received:
Date Released: November 21, 1995
KERRY L. KILPATRICK ASSISTANT ATTORNEY GENERAL